The opinion of the Court was delivered by
Bermudez, C. J.
This is an application for a habeas eoipus.
The Relator substantially avers that, after a preliminary exani *62 illation oil a charge made by affidavit against Mm, of having assaulted, shot and mortally wounded one Jack Talbot, who since died from the effects of the wound, the District Judge held him to answer a charge for manslaughter, hut allowed him the privilege of hail, requiring a bond of $250, which was furnished ; that subsequently, the grand jury having found a true hill against him for manslaughter, he was arraigned and pleaded not guilty; that afterwards, the case was continued once and more; that the presiding Judge, after the last continuance was granted, ordered, on the suggestion of the District Attorney, that the-Relator he committed and held in custody, directing that he he released on furnishing a bond for $250 ; that, on Ms failing to give such bond, he was and still is committed; that the action of the Judge is unwarranted by law or the facts of the case; thatthe imprisonment is illegal; that the Judge had no right to deprive Relator of the benefit of the bond already executed, without a new charge, some proceeding, evidence and a hearing, if lie could consider the case at all; that the order invades his rights and is oppressive; that he should be restored to liberty. He prays for the usual relief. His counsel was heard in support of the application.
The offense charged not being a. capital one, the right of the Relator to he admitted to hail was undisputable and is acknowledged. Const. Art. 9.
The complaint is not that the bond required is excessive, hut that it was demanded without warrant oflaw, exparte, and without a charge based on new facts, without a hearing, and without evidence on the charge.
The bond furnished by the accused after the preliminary examination, was required to secure his appearance at the next District Court. R. S. 1010, § 3. Any insertion in the bond for any further or different appearance, was unauthorized and may be considered as unwritten. On the appearance of the accused at the first term of the District Court, after he was permitted to give bond, the obligation was cancelled, and the sureties became discharged.
It is the common practice, when the indictment is returned, a true bill having been found, for the Judge to issue a bench warrant or an order of commitment in the nature of such warrant, and to fix immediately the amount of hail, precisely because the previous bond had gone out of existence. The condition of the bond given after the finding of the true bill may well be, and for good reason, conditioned for the appearance of the accused from day to day and from time to time, and until discharged finally by the court.
The first order admitting the accused to hail, to answer on a charge by affidavit of manslaughter, cannot he invoked as res judicata, so as *63 to prevent the District Judge from requiring a new bond after the finding of a true bill.
Had the'Judge fixed atoo large amount for the bond to be furnished, the. accused would not have been without a remedy. The Judge, at the request of the accused, or on his own motion, could have reduced the amount without hearing evidence. What he could have done, to decrease, there can be objection for him to doto increase.
The significant fact of the finding of a true bill against the accused for manslaughter, and the application of the representative of the State, coupled with the knowledge previously and officially acquired by the Judge of the apparent guilt or innocence of the acc.used, made it certainly his duty to issue an order for the arrest, a bench warrant for the commitment of the accused, and as the offense was bailable, to provide for Ms release therefrom, on his giving bond in the sum of $250, which appears quite- reasonable and is not charged as excessiv e.
It was not necessary for the Judge, as a condition precedent to issuing the warrant and requiring the bond, to have initiated or caused to be initiated, any proceeding against the accused, or heard any evidence. , -
The action of the District Judge is warranted by reason and by authorities.
The Relator is in custody in the Parish of Iberville. On the face of a petition for habeas corpus, which shows that he is not entitled to the relief sought, and after hearing his counsel, who lias failed to satisfy us to the contrary, we are justified in not ordering, the defendant sheriff to produce his body and the cause of his capture and detention, which abundantly appears from the complaint itself.
Tt- would be requiring a useless ceremony, entailing trouble and expense, and of no benefit whatever to the accused.
The application is refused.